# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **BITMAN TECHNOLOGIES GEORGIA LIMITED,**<br><br>PLAINTIFF,<br><br>VS.<br><br>**OLD CONST LLC and TN WALL STREET LLC,**<br><br>DEFENDANTS; | CIVIL ACTION NO.<br><br>Removed from Henry County Chancery Court, Case No. 26523 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Old Const LLC ("Defendant" or "Old") removes Case No. 26523, *Bitmain Technologies Georgia Limited v. Old Const LLC et al.* (the "State Court Action"), from the Chancery Court of Tennessee for the Twenty-Fourth Judicial District at Paris, Tennessee (the "Henry County Chancery Court"), to the United States District Court for the Western District of Tennessee, Eastern Division.

## SUMMARY OF GROUNDS FOR REMOVAL

1.  Removal is appropriate under 28 U.S.C. §§ 1332, 1441 and 1446. The State Court Action shall be removable on the ground of complete diversity.

2.  Plaintiff Bitmain Technologies Georgia Limited ("Plaintiff" or "Bitmain"), as a Georgia corporation with its principal place of business within the state of Georgia, is a citizen of the state of Georgia.

3. Defendant, as a Delaware limited liability company with its sole member being Hashvalley Inc. which is a Delaware corporation with its principal place of business in Delaware, is a citizen of the state of Delaware.

4. Upon information and belief, no member of TN Wall Street, LLC is a citizen of Tennessee or Georgia, therefore it is neither a Georgian nor Tennessean citizen.

5. Further, neither Defendant nor TN Wall Street, LLC has been properly served.

6. The inclusion of TN Wall Street, LLC ("TN Wall Street") as a co-defendant in the State Court Action was done maliciously and in bad faith to destroy diversity jurisdiction. This removal is justified on the grounds that TN Wall Street, a Delaware limited liability company allegedly with its principal place of business at 116 Agnes Road, Suite 200, Knoxville, Tennessee[1] 37919, was joined solely to prevent the case from being heard in federal court, as evidenced by the fact that TN Wall Street is named only in its capacity as the current owner of the Data Center Facility and not for any substantive claims against it. *See* Exhibit "A" Verified Complaint filed in the State Court Action, at pg. 8 ("32. TN Wall Street, LLC is named in this action *solely* in their capacity as the current owner of the Data Center Facility.") (emphasis added).

7. The alleged amount in controversy is approximately 20 million USD. *Id. at pg. 4.*

8. The procedural history of this case further supports the removal. On September 3, 2025, Defendant filed a federal lawsuit in the Southern District of Texas against Bitmain with an application for a TRO enforcing the mandatory exclusive forum selection clause and the arbitration agreement agreed in writing by Plaintiff and Defendant. *See* Exhibit "B" Verified Complaint filed by Old, and Exhibit "C" Hosting Services Agreement dated November 11, 2024, at pp. 9, 37-38.

---

[1] The principal place of business of TN Wall Street, LLC is irrelevant for determining diversity jurisdiction. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009).

9. Bitmain, aware of the Texas federal action[2], filed the current state court action in Tennessee on September 4, 2025, just one day after being notified of the federal lawsuit, against Defendant in the Henry County Chancery Court. This sequence of events indicates a strategic attempt by Bitmain to manipulate jurisdictional rules and avoid federal court scrutiny.

10. Apparently, Defendant's Notice of Removal is timely. *See* 28 U.S.C. § 1446.

11. Venue lies in this Court because this case was pending in the Henry County Chancery Court, and this Court is the "district court of the United State for the district and division embracing the place where the action is pending." *See* 28 U.S.C. § 1441(a).

12. Defendant intends to file a motion to transfer this case from the Western District of Tennessee to the Southern District of Texas, where the related federal lawsuit is already pending. The transfer is appropriate given the substantial overlap in parties and issues between the two cases, and it will serve the interests of justice and judicial economy by consolidating the proceedings in a single forum. The Western District of Tennessee is merely a temporary venue, and the Southern District of Texas is the mandatory and exclusive forum agreed by Plaintiff and Defendant for resolving the disputes between the parties.

13. Defendant will promptly serve notice and a copy of this Notice of Removal with the Clerk of the Henry County Chancery Court, as required by 28 U.S.C. § 1446(d).

## CONCLUSION AND PRAYER

In conclusion, the removal of this case to the Western District of Tennessee is proper, and Defendant will seek to transfer the case to the Southern District of Texas to ensure a fair and efficient resolution of the matters at hand. Defendant provides notice that this civil action has

---

[2] See Exhibit "D". On September 3rd and 4th, 2025, Old Const LLC immediately sent multiple notices to Bitmain regarding the filing of the Texas federal lawsuit.

been properly and immediately removed, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully requests this Court exercise and maintain its jurisdiction over this case.

Dated 5th of September 2025            Respectfully submitted,

                                             */s/ Jeremey R. Goolsby*
Jeremey R. Goolsby, No. 34505
Daniel D. Choe, No. 037680
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN        37201
615-251-5550 Telephone
615-251-5551 Facsimile
jgoolsby@fbtlaw.com

and

ARCHER & GREINER P.C.
Jiangang "James" Ou (*pro hac vice* forthcoming)
jou@archerlaw.com

Brian M. Gargano (*pro hac vice* forthcoming)
bgargano@archerlaw.com
3040 Post Oak Boulevard,
Suite 1800-150
Houston, Texas 77056
Tel. (281) 968-5215

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 5th day of September 2025 via the Court's CM/ECF filing system, and served via electronic mail upon the following:

George Robert Whitfield, III (28055)
Greer, Greer & Whitfield Attorneys, PLLC
P.O. Box 385
Paris, TN 38242
731-642-8781
rob@greergreerandwhitfield.com

Randall L. Saunders (34532)
Nelson, Mullins, Riley & Scarborough LLP
949 Third Ave, Suite 200
Huntington, WV 25701
304-526-3500
Randy.saunders@nelsonmullins.com

                                            */s/ Jeremey R. Goolsby*